**IN THE UNITED STATES DISTRICT COURT FOR THE**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| ANGELA BALL,<br><br>Petitioner,<br><br>vs.<br><br>TRANS UNION LLC,<br><br>Respondent. | **Case No.: 1:26-cv-00572**<br><br>**Underlying Case No: 2:24-cv-00126-AMM (Northern District of Alabama)**<br><br>**NOTICE OF MOTION AND MOTION TO COMPEL TRANS UNION LLC'S COMPLIANCE WITH SUBPOENA** |

## NOTICE OF MOTION

**PLEASE TAKE NOTICE** that on a date and time determined by the Court, Petitioner Angela Ball ("Petitioner" or "Plaintiff") will and hereby does move this Court for an order to compel Respondent Trans Union LLC's compliance with the subpoena issued by Angela Ball, as detailed below.

## MOTION TO COMPEL TRANS UNION LLC'S COMPLIANCE WITH SUBPOENA

Petitioner Angela Ball ("Petitioner" or "Plaintiff") respectfully moves the Court, as the court of compliance, for an order compelling Trans Union LLC ("Trans Union") to produce all documents responsive to Plaintiff's duly-served Rule 45 subpoena.

Pursuant to Local Rule 37.2, Plaintiff, by and through undersigned counsel, hereby state and certify that their counsel met and conferred with counsel for Trans Union regarding Plaintiff's Motion to Compel. Plaintiff met and conferred telephonically on December 16, 2025, in a good faith attempt to resolve this matter. Trans Union maintains all of its objections.

## MEMORANDUM OF POINTS AND AUTHORITIES

## I. RELEVANT BACKGROUND

On February 2, 2024, Plaintiff filed a Complaint against Experian Information Solutions, Inc. ("Experian"), Trans Union LLC, and Zions Debt Holdings, LLC ("Zions") in the Northern District of Alabama (the "Underlying Case"), alleging violations of the Fair Credit Reporting Act and violation of the Fair Debt Collections Practices Act. Experian and Trans Union were dismissed thereafter. However, Plaintiff's claims against Zions remained. Throughout the entirety of litigation, Zions refused to participate. Nonparticipation aside, Zions was remarkably difficult to track down. On two separate occasions, Plaintiff served Zions' authorized agent with the summons, the complaint, and other documents. *See* Underlying Case, ECF No. 15, 34. Thereafter, Zions did not enter an appearance, plead, or otherwise respond to Plaintiff's Complaint. Moreover, Zions failed to communicate with Plaintiff's counsel whatsoever. Thus, while Plaintiff was able to serve Zions' authorized agent, Zions has otherwise evaded Plaintiff's communications and the power of the court.

On August 8, 2024, Plaintiff filed an application for the Clerk's Entry of Default Against Defendant Zions, with the Clerk entering default as to Zions that same day. *See* Underlying Action, ECF No. 37, 38. Thereafter, on September 12, 2024, Plaintiff filed her Motion for Default Judgment against Zions. *Id.*, ECF No. 42. Then, on July 31, 2025, the Court granted Plaintiff's Motion and entered default judgment in Plaintiff's favor against Zions. *Id.*, ECF No. 54.

As of now, Plaintiff is unable to collect the Court's ordered judgment from Zions. Zions has failed to communicate with Plaintiff and Plaintiff is unaware of any of the details of Zions' assets. Publicly available information on Zions is scant, and Plaintiff can envision few, if any avenues to obtain the information necessary to collect the judgment against Zions. Accordingly, Plaintiff was forced to discover other means to collect the judgment from Zions. In aid of the

execution of the Court's judgment, Plaintiff properly served Trans Union with a subpoena on November 18, 2025, requesting the production of documents that included:

a. Any proof of payment or payment receipts relating to any transaction that Zions Debt Holdings, LLC was a party to.
b. Any documents that contain any information regarding the identity of any financial institution that Zions Debt Holdings, LLC used the services of.
c. Any documents that contain any information regarding the account number, routing number, or any other identifying information related to any type of bank account related to or used by Zions Debt Holdings, LLC.
d. Any documents that contain information regarding the account or other financial tool Trans Union received funds from in any transaction with Zions Debt Holdings, LLC.
e. Any documents that contain information regarding the account or other financial tool Trans Union sent funds to in any transaction with Zions Debt Holdings, LLC.

*See* Exhibit A.

On December 9, 2025, Trans Union sent Plaintiff its objections to Plaintiff's subpoena. *See* Exhibit B. Trans Union refused to produce any of the requested documents and made a variety of objections to Plaintiff's requests. The parties met and conferred on December 16, 2025, and were unable to come to an agreement, necessitating this motion.

## II. LEGAL STANDARD

After the conclusion of a case and an entry of judgment, Rule 69 governs subsequent discovery for the purposes of executing the judgment. Specifically, "[i]n aid of the judgment or execution, the judgment creditor…may obtain discovery from any person…as provided in these rules or by the procedure of the state where the court is located." Fed. R. Civ. P. 69(a)(2). "The 'rules' mentioned in Rule 69(a)(2) are the federal rules governing pre-trial discovery." *Cent. States, Se. & Sw. Areas Pension Fund v. GWT 2005 Inc.*, No. 1:06-CV-01205, 2009 WL 3255246, at *2 (N.D. Ill. Oct. 6, 2009) (citing *Rubin v. Islamic Republic of Iran*, No. 03 C 9370, 2008 WL 192321, at *4 (N.D.Ill. Jan.18, 2008)). And "[p]re-trial discovery is governed by Rule 26(b)." *Id.*

Under Rule 26, "[t]he scope of relevant discovery is broad: 'Unless otherwise limited by court order, the scope of discovery is as follows: Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case…'" *Lukis v. Whitepages Inc.*, 535 F. Supp. 3d 775, 797 (N.D. Ill. 2021) (quoting Fed. R. Civ. P. 26(b)(1)). And the scope of discovery through a subpoena is the same as that applicable to Rule 34. *See Stock v. Integrated Health Plan, Inc.*, 241 F.R.D. 618, 621 (S.D. Ill. 2007) (citing Advisory Committee Note to the 1970 Amendment of Rule 45(d) ("The scope of production under a subpoena is the same as the scope for discovery generally under Rule 26."); 9A Wright, Miller & Cooper, Federal Practice and Procedure § 2459, at 44–45 (2d. ed.1994) (explaining that the scope of production under a subpoena is coextensive with the limitations of scope prescribed in Rule 26(b)(1))).

Proportionality is analyzed using various factors, including "the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit […]." Fed. R. Civ. P. 26(b)(1).

"The party resisting the discovery bears the burden to show why a particular discovery request is improper." *Lanteri v. Credit Prot. Ass'n, LP*, No. 1:13-CV-01501-WTL, 2015 WL 6607494, at *3 (S.D. Ind. Apr. 3, 2015), objections overruled sub nom. *Lanteri v. Credit Prot. Ass'n, L.P.*, No. 1:13-CV-1501-WTL-DKL, 2015 WL 6681049 (S.D. Ind. June 24, 2015) (citing *Cunningham v. Smithkline Beecham*, 255 F.R.D. 474, 478 (N.D.Ind.2009)). "The objecting party must show with specificity that the request is improper." *Id.* (quoting *Cunningham*, 255 F.R.D. at 478) (internal quotation marks omitted) "'[G]eneral assertions' of hardship will not suffice, […] nor will

'reflexive invocation' of the 'often abused litany that the requested discovery is vague, ambiguous, overly broad, unduly burdensome or [irrelevant.]'" *Id.* (quoting *Schaap v. Executive Indus., Inc.*, 130 F.R.D. 384, 387 (N.D.Ill.1990); *Cunningham*, 255 F.R.D. at 478).

A subpoena may command production at a "place of compliance" within the limits of Rule 45(c); persons commanded must comply, and the court where compliance is required enforces the subpoena. *See* Rule 45(c), (d), (g). "At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production…" in response to a subpoena. Fed. R. Civ. P. 45(d)(2)(B)(i).

## III. ARGUMENT

### A. The Court Should Compel Compliance with The Subpoena Because Rule 69(A)(2) Authorizes Plaintiff to Seek Discovery from Trans Union in Aid of The Judgment or Execution

Trans Union first objects to Plaintiff's Subpoena on the grounds that since there is no pending lawsuit, the Court does not have jurisdiction to enforce the Subpoena, and the Subpoena is therefore unenforceable. *See* Exhibit B at 1. However, this conclusion is based on either a misunderstanding or a lack of knowledge of the Federal Rules of Civil Procedure. Rule 69 provides that "[i]n aid of the judgment or execution, the judgment creditor…may obtain discovery from any person…as provided in these rules or by the procedure of the state where the court is located." Fed. R. Civ. P. 69(a)(2). Since Plaintiff, the judgment creditor, has been unable to collect the judgment against Zions, Plaintiff sought the production of documents from Trans Union for the specific purpose of gaining information sufficient to collect on the judgment. Accordingly, Plaintiff's subpoena issued to Trans Union is expressly contemplated and authorized by Rule 69.

Trans Union claims that since "there is no pending lawsuit, the court lacks jurisdiction to enforce any Rule 45 subpoena issued in this matter." *See* Exhibit B at 1. However, this is incorrect

on multiple levels. First, the lack of a pending lawsuit has no impact on jurisdiction; this Court's jurisdiction to decide the current discovery dispute derives from Rule 45(d)(2)(B)(i), not from any "pending lawsuit." Second, as noted above, if the information sought in a subpoena is relevant to the execution of a judgment, it is not only permitted by Rule 69, but also expressly authorized. Here, the information sought by the subpoena was calculated to help effectuate the judgment against Zions. The requested documents are strictly confined to those relating to financial transactions, records, and accounts of Zions; all information that is directly relevant to executing the judgment against Zions and well within the broad scope of post-judgment discovery. *See British Int'l Ins. Co., LTD. v. Seguros La Republica*, 200 F.R.D. 586, 589 (W.D. Tex. 2000) ("[t]he scope of post-judgment discovery is broad.").

Trans Union takes the stance that since Rule 45(a)(2) requires that "[a] subpoena must issue from the court where the action is pending," the case must be pending for a subpoena to have any force. *See* Exhibit B at 1. However, this is a misreading of the interplay between Rules 69 and 45. Rule 69 authorizes that discovery be conducted as provided by the Federal Rules of Civil Procedure. Fed. R. Civ. P. 69(a)(2). Indeed, Rule 69 does not itself contain any discovery procedures, rather it incorporates the other discovery mechanisms in the Federal Rules. As such, subpoenas under Rule 45, along with all other discovery rules, are expressly contemplated by Rule 69 post-judgment discovery. Thus, it is inaccurate to argue that subpoenas cannot issue from post-judgment courts. **Moreover**, courts have held that subpoenas are not just permitted but **required** to enforce compliance with post-judgment discovery requests under Rule 69. *See El Salto, S.A. v. PSG Co.*, 444 F.2d 477, 484 (9th Cir. 1971) ("While Rule 69(a) permits a judgment creditor to examine any person…a subpoena is required.") (internal quotations omitted). Given that a

subpoena is required, Plaintiff is forced to rely on the only mechanism for obtaining nonparty discovery provided in the Federal Rules: Rule 45.

Plaintiff's Subpoena is directly in line with Rule 69. Trans Union's objection is without any merit, and the Court should compel compliance with Plaintiff's duly served subpoena.

### B. To The Extent That the Subpoena Did Not Allow Trans Union a Reasonable Time to Comply, Modification, Not Quashing, Is The Appropriate Remedy

Trans Union objects to Plaintiff's Subpoena for allegedly failing to allow a reasonable time for compliance. *See* Exhibit B at 2. While the Federal Rules do not define what is a "reasonable time" to comply with a subpoena, Rule 45(d)(2)(B) "suggests that 14 days is the benchmark time for compliance, and courts have found that fourteen days from the date of service is presumptively reasonable." *Elliot v. Mission Tr. Servs., LLC*, No. 14-CV-9625, 2015 WL 1567901, at *4 (N.D. Ill. Apr. 7, 2015). This was the benchmark with which Plaintiff intended to comply by requesting compliance by requesting compliance by December 5, 2025. *See* Exhibit A at 1. However, in calculating the time given for Trans Union to respond, Plaintiff inadvertently failed to take into account Thanksgiving and the day following Thanksgiving. With this failure, and with The Subpoena was received by Trans Union on November 18, 2025, and with Trans Union receiving the subpoena on November 18, 2025, there was only 12 days to respond.

While Trans Union makes no showing as to why the time for compliance is unreasonable, the time for Trans Union's response has long since passed, rendering this discussion moot. Regardless, the Court has discretion under Rule 45 "to quash or modify subpoenas." *Radcliffe v. O'Herren*, No. 1:24-CV-01056-TWP-KMB, 2024 WL 4869713, at *1 (S.D. Ind. Nov. 21, 2024). Plaintiff respectfully requests that the Court exercise its discretion and modify the subpoena to require compliance by a date certain following its order compelling compliance.

### C. Trans Union's Objection as to Undue Burden is Unsubstantiated and Improper

Trans Union asserts that the Subpoena in its entirety is unduly burdensome and overly broad. *See* Exhibit B at 2. However, Trans Union fails to demonstrate by any evidence or specific assertions precisely how Plaintiff's requests impose an undue burden. This renders Trans Union's objection facially improper. "The objecting party must show with specificity that the request is improper." *Lanteri*, 2015 WL 6607494, at *3. "'[G]eneral assertions' of hardship will not suffice, […] nor will 'reflexive invocation' of the 'often abused litany that the requested discovery is vague, ambiguous, overly broad, unduly burdensome or [irrelevant.]'" *Id.* (quoting *Schaap*, 130 F.R.D. at 387; *Cunningham*, 255 F.R.D. at 478).

None of Trans Unions objections as to undue burden or overbreadth are substantiated by any evidence revealing the nature of the burden. Rather, Trans Union relies solely on "general assertions of hardship" and the "reflexive invocation" that the requests are "overly broad [and] unduly burdensome…" *Id*. Accordingly, this objection is improper.

### D. Trans Union's Objections To The Subpoena's Definitions Are Improper

Trans Union further asserts that the definitions are overly broad or unduly burdensome. *See* Exhibit B at 2-3. As stated previously, such objections must go further than conclusory statements. *See Lanteri*, 2015 WL 6607494, at *3. Trans Union fails to substantiate these objections and thus, they are improper.

Trans Union further objects that Plaintiff's definition of "document" imposes obligations beyond those provided by the Federal Rules. *See* Exhibit B at 2. However, Plaintiff's definition of "document" is plainly within the meaning provided by the Federal Rules and Trans Union provides no explanation as to why the definition is objectionable on these grounds. *See* Fed. R. Civ. P. 34(a)(1)(A).

Trans Union goes on to object that Plaintiff's definition is objectionable to the extent it seeks documents subject to the attorney-client privilege and work product doctrine. *See* Exhibit B at 2. As "the Seventh Circuit generally forbids blanket assertions of privilege," and Trans Union provides no substantiation for its objection, the objection is without merit. *United States v. Bernhoft*, 666 F. Supp. 2d 943, 948 (E.D. Wis. 2009), as corrected (Nov. 17, 2009) (citing *Holifield v. United States*, 909 F.2d 201, 204 (7th Cir.1990); *United States v. White*, 950 F.2d 426, 430 (7th Cir.1991); *United States v. Lawless*, 709 F.2d 485, 487 (7th Cir.1983); *United States v. First State Bank*, 691 F.2d 332, 335 (7th Cir.1982).

Moreover, Trans Union has not provide a privilege log. This, even though "[t]he requirement that a party claiming privilege produce a privilege log, codified in Fed.R.Civ.P. 26(b)(5), is a requirement of long standing." *Kramer v. Am. Bank & Tr. Co., N.A.*, No. 11 C 8758, 2015 WL 13735745, at *2 (N.D. Ill. Aug. 17, 2015), report and recommendation adopted, No. 11 C 8758, 2016 WL 1238172 (N.D. Ill. Mar. 30, 2016) (citing *Sandra T.E. v. South Berwyn School Dist*. 100, 600 F.3d 612, 623 (7th Cir. 2010); Fed.R.Civ.P. 26(b)(5) (1993 comments). Failure to provide a timely privilege log results in waiver of any claimed privilege. Thus, even if Plaintiff were seeking privileged materials (he is not), Trans Union waived the privilege objection when it made the decision to submit its objections without the required privilege log.

**E. Trans Union's Procedural Objections Should Be Overruled**

Trans Union makes four primary procedural objections to Plaintiff's requests. *See* Exhibit B at 3-4. Trans Union again makes a blanket assertion of privilege; however, as previously discussed, the objection is improper.

Trans Union further makes additional objections as to undue burden or overbreadth. For reasons already stated, these objections are conclusory and improper.

Additionally, Trans Union objects that the requests seek information that is confidential but makes no showing that the requests require disclosure of any confidential information. "However, [c]onfidentiality is generally not grounds to withhold information from discovery. Confidentiality does not equate to privilege." *Milwaukee Metro. Sewage Dist. v. Am. Int'l Specialty Lines Ins. Co.*, No. 05-CV-1352, 2008 WL 11486669, at *2 (E.D. Wis. Dec. 3, 2008) (quoting *Mike v. Dymon, Inc.*, 1996 WL 606362, *3 (D.Kan., 1996) (citing *Federal Open Mkt. Comm. v. Merrill*, 443 U.S. 340, 362 (1979))). Indeed, "confidentiality alone is not an objection which precludes discovery." *Id.* (quoting *Mike*, 1996 WL 606362, 3) (quoting *Aramburu v. Boeing Co.*, No. 93-4064-SAC, 1994 WL 810248, at *1 (D.Kan. Sept. 22, 1994))).

Lastly, Trans Union objects on relevancy grounds. However, as stated previously, Plaintiff's requests are directly relevant to the execution of the judgment against Zions.

### F. Trans Union's Specific Objections To Plaintiff's Document Requests Are Improper

Trans Union merely copies and pastes the same objections for each of Plaintiff's five document requests. *See* Exhibit B at 5-8. Most of the objections "merely recite boilerplate language without explanation" and thus "do not satisfy [Trans Union's] burden of explaining precisely why its objections are proper and therefore are properly overruled or disregarded by the Court." *Advanced Magnesium Alloys Corp. v. Dery*, No. 120CV02247RLYMJD, 2021 WL 2915256, at *4 n. 5 (S.D. Ind. Apr. 19, 2021) (citations omitted).

The rest of the objections simply strain credulity.

Trans Union objects that Plaintiff's requests are "vague, undefined, and fail[] to identify the documents sought with sufficient particularity. *See* Exhibit B at 5-7. This objection is patently absurd. In each of Plaintiff's requests, it is abundantly clear what is requested. Plaintiff requests proof of payment, receipts, documents that indicate financial institutions that Zions used,

documents containing information regarding banking institutions Zions used, and documents with information regarding accounts or financial tools that Trans Union sent to or received funds from in transactions with Zions. *See* Exhibit A at 5. All these requests plainly and particularly describe what they are requesting. Trans Union does not explain how any of these requests are insufficiently particular, or why it was confused by such facially straightforward document requests.

Trans Union next objects that the requests "seek[] the creation of documents not presently in existence, [are] not limited to information relevant to the case, and [are] not proportional to the needs of the case." *See* Exhibit B at 5-8. These objections are all improper. First, if the documents are not in existence, then Trans Union should simply state that there are no documents responsive to the request. Second, regarding relevancy, Plaintiff is entitled under Rule 69 to seek documents that are relevant to executing the judgment against Zions. All of the requested documents are plainly relevant because they will help to identify the assets of Zions and assist in executing the judgment. Finally, Trans Union fails to explain with any particularity whatsoever why the requests are not proportional to the needs to the case. Such objections are improper.

Trans Union makes the further objection that "the information sought can be obtained from some other source, such as the parties to this action, that is more convenient, less burdensome, and less expensive." *See* Exhibit B at 5-8. First, this is untrue. Trans Union has a direct business relationship with Zions. Plaintiff has tried repeatedly to obtain the information sought from other sources and has been so unsuccessful that the district court in the Underlying Case entered default judgment against Zion. The only other sources of the information sought would be other consumer reporting agencies, but it would be no more convenient, less burdensome, and less expensive for them to respond to a subpoena than it would be for Trans Union to do so. And, because of Trans Union's history in the Underlying Case, Plaintiff knew that Trans Union possessed the necessary

information. Hence, Plaintiff sent the subpoena to Trans Union and not another consumer reporting agency.

Second, this objection is merely a rewording of the standard boilerplate objection regarding undue burden and expense. As noted above, courts have made clear that such conclusory objections, absent evidence establishing the burden or expense, are inadequate. These objections are improper.

Finally, Trans Union objects that the "[r]equest[s] encompass[] confidential, proprietary, and/or trade secret information of Trans Union." *See* Exhibit B at 5-8. Trans Union has made no showing that Plaintiff's Subpoena requires the disclosure of any confidential information. Moreover, as stated previously, objecting on confidentiality grounds is not grounds for withholding relevant documents in discovery. The objections as to confidentiality are improper.

## IV. CONCLUSION

As all of Trans Union's objections are without merit, Plaintiff respectfully requests the Court enter an order compelling Trans Union's compliance with Plaintiff's duly served Subpoena.

Respectfully submitted this 19th day of January 2026.

*/s/ Beth K. Findsen*
Beth K. Findsen, IL No. 24002679
**CONSUMER JUSTICE LAW FIRM PLC**
8095 N. 85th Way,
Scottsdale, AZ 85258
E: bfindsen@consumerjustice.com
T: 602-807-6676
F: 480-613-7733

*Attorneys for Plaintiff,*
*Angela Ball*